HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COMPUVEST CORPORATION,

    Plaintiff,

    v.

PAUL DOLINSKY, et al.,

    Defendants.

CASE NO. C07-1524RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on the Plaintiff's motion for partial summary judgment (Dkt. # 120). The Plaintiff requested oral argument, but the court finds the motion suitable for disposition on the basis of the parties' briefing and supporting evidence. For the reasons explained below, the court GRANTS IN PART and DENIES IN PART the motion.

## II. BACKGROUND[1]

Defendants Paul Dolinsky and Charles O'Brien were formerly employed by Plaintiff Compuvest Corporation ("Compuvest"), a business that sells computers, computer components, and computer peripherals. Dolinsky's employment began in 2000

---

[1] A more detailed description of the facts can be found in a previous court order (Dkt. # 46).

ORDER – 1

or 2001 and continued until January 1, 2007, with a break in 2002 -03. O'Brien was hired in 2004 and continued until May 2007. Dolinsky signed a non-compete agreement in 2002 and again in 2005, and O'Brien signed a non-compete agreement in 2005.

Dolinsky and O'Brien admit that in 2006, while they were still employed by Compuvest, they incorporated Defendant Equipment Hall Corporation ("EHC"), which sells items similar to those sold by Compuvest. Defendant Gbolahan Olayomi is a former client of Compuvest and is now president of EHC. Dolinsky and O'Brien have been employed by EHC ever since they terminated their employment at Compuvest. According to Compuvest, the Defendants used Compuvest's trade secrets to solicit business from Compuvest customers.

Compuvest subsequently filed a complaint against, *inter alia*, Dolinsky, EHC, Olayomi, and O'Brien, alleging Computer Fraud and Abuse Act violations, Uniform Trade Secrets Act violations, misappropriation of trade secrets, breach of the non-compete agreement, breach of fiduciary duty, and tortious interference with economic relations. Defendants O'Brien, Olayomi, and EHC filed counterclaims for malicious prosecution, and O'Brien also filed a counterclaim for denial of health insurance benefits. Compuvest has moved for partial summary judgment against Dolinsky on the contract claim, against Dolinsky and O'Brien on the duty claim, and against Olayomi and EHC on the tortious interference claim. Compuvest also requests dismissal of the Defendants' counterclaims.[2]

---

[2] Since the time of the last status conference, the parties have apparently conducted settlement negotiations. While the court encourages such efforts, it is inappropriate for any party to inform the court of the substance of those negotiations. Thus, the court has not reviewed the settlement documents submitted (Dkt. ## 161, 162) for purposes of resolving this motion, and instructs the parties to submit no other substantive settlement documents to this court in the future.

ORDER – 2

## III.  ANALYSIS

**A.  Legal Standard on Summary Judgment.**

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party meets its initial burden, the opposing party must then set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  The opposing party must present probative evidence to support its claim or defense.  *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).

**B.  Compuvest is Entitled to Summary Judgment on the Duty Claim, but not on the Tortious Interference Claim.**

Compuvest contends that by forming a competitor business and soliciting Compuvest clients, Dolinsky and O'Brien breached their duty of loyalty to Compuvest.  Compuvest also argues that Olayomi and EHC are liable for tortious interference with Compuvest's business relationships.

In Washington, an employee owes his or her employer a common law duty of loyalty even in the absence of a contractual obligation not to compete.  *See Kieburtz & Assocs., Inc. v. Rehn*, 68 Wn. App. 260, 265-66 (1992) ("During the period of his or her employment, an employee is not 'entitled to solicit customers for [a] rival business . . . ' or to act in direct competition with his or her employer's business.") (quoting RESTATEMENT (SECOND) OF AGENCY § 393 cmt. e (1958)).  A claim for tortious interference with a business relationship has five elements: (1) a valid contractual relationship or business expectancy; (2) the defendant's knowledge of the relationship or expectancy; (3) the defendant's intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) the defendant's interference was for an

ORDER – 3

improper purpose or used improper means; and (5) damages resulting to the party whose relationship or expectancy has been disrupted. *See Kieburtz*, 68 Wn. App. at 267.

The Defendants admit that they incorporated EHC while Dolinsky and O'Brien were employed by Compuvest, and that Olayomi had been a Compuvest customer. The Defendants emphasize that EHC was formed in order to provide Dell computer products that Compuvest could not provide, but nonetheless admit that EHC also sold some of the same products that Compuvest sold. These admissions establish that Dolinsky and O'Brien solicited business in direct competition with Compuvest during the period of their employment, and thus breached the duty of loyalty they owed to Compuvest. Compuvest is therefore entitled to judgment as a matter of law on the claim for breach of duty.

Though Compuvest seeks to hold Olayomi and EHC liable for tortious interference based on essentially the same facts as the duty claim, it has not provided this court with any substantial analysis of the elements of the tortious interference claim and how they apply to Olayomi or EHC. Compuvest's briefing simply reiterates the facts of Dolinsky's breach of duty. *See* Pltf.'s Mot. (Dkt. # 120) at 17-18. Without any analysis of the tortious interference claim as it relates to Olayomi and EHC – the only two parties against whom Compuvest seeks to hold liable for tortious interference– the court has no basis to conclude that Compuvest is entitled to judgment as a matter of law on this claim.

**C.     Compuvest is Not Entitled to Summary Judgment on the Contract Claim.**

At the preliminary injunction stage of this case, the court held that Compuvest had not shown that the 2005 non-compete agreements were enforceable, given that they were signed after Dolinsky and O'Brien had been employed for a period of time and there was no evidence that new consideration was given. *See* Order (Dkt. # 46). Now at the summary judgment stage, Compuvest has submitted evidence that Dolinsky signed a non-

ORDER – 4

compete agreement in 2002 and received a salary raise at that time. *See* 1st Churilov Decl. (Dkt. # 121). Ex. A; 2d Churilov Decl. (Dkt. #133) ¶ 3.

Dolinsky does not dispute that he signed a 2002 non-compete agreement providing, in relevant part:

> That, in consideration for a sum equal to five (5%) of my agreed upon salary and/or commissions from Company, which sum is included each pay period in my compensation from Company, I agree that for a period of three (3) years after my separation from the Company for any reason I will not directly or indirectly provide a competitor or potential competitor with any information relating in any way to the client information of Company, directly or indirectly solicit or aid anyone in the solicitation of a client of Company, and not own, operate, or work for a business which competes in a similar business in Washington, Oregon, or Idaho.

1st Churilov Decl., Ex. A at 3. Dolinsky disputes that he received a 5% raise as a result of signing the non-compete; he argues that Compuvest's evidence shows that he received only a 4.33% raise. *See* Dolinsky Decl. (Dkt. # 136-2) ¶ 3.[3]

Compuvest has submitted evidence that Dolinsky's hourly rate was $11.50 an hour the month before he signed the non-compete, and $12 two months after he signed. This raise does not amount to 5%, but Compuvest contends that Dolinsky received an earlier raise based on the understanding that he would sign the non-compete, such that the $12/hour salary should be compared to Dolinsky's salary from *two* months prior to signing the non-compete ($10.50/hour). *See* 2d Churilov Decl. ¶ 3. Dolinsky, however, disputes that the earlier raise was related to the non-compete; he contends it was a merit raise. *See* Dolinsky Decl. ¶ 3. This factual dispute precludes summary judgment on the

---

[3] Defendants submitted their opposition materials late, and Compuvest has moved to strike them as such. *See* Pltf.'s Reply (Dkt. # 131). Compuvest has not shown or argued that it has been prejudiced by the late submission of Dolinsky's declaration, and thus to the extent Compuvest asks for the declaration to be stricken, Compuvest's motion is DENIED. The court does note, however, that it has grave concerns about the Defendants' repeated violations of the deadlines set both by the Local Rules and by court order. The court reiterates its expectation that the Defendants, though now proceeding *pro se*, abide by the Local Rules and all court orders.

ORDER – 5

contract claim, given that it is unclear whether Compuvest complied with the terms of the contract.

Furthermore, the plain language of the non-compete provision states that the three-year period begins to run when the employee is separated from the employer for any reason. There is no suggestion in the language of the contract that a period of five or six months is not long enough to be considered a separation, or that the separation at issue must be permanent in order to trigger the three-year period. Thus, even if the non-compete is enforceable, the court has no basis to conclude that it was in effect at the time of Dolinsky's admitted breach in 2006, given that it is undisputed that Dolinsky separated from Compuvest in 2002. Thus, Compuvest has not shown that it is entitled to judgment on this claim based on the 2002 contract.

Thus, because there exists a genuine issue of material fact and Compuvest has not shown that it is entitled to judgment as a matter of law, the court must deny Compuvest's motion for summary judgment on the contract claim.

**D.    The Defendants' Counterclaims Fail as a Matter of Law.**

**1.    The Malicious Prosecution Counterclaims are Dismissed Because the Defendants Failed to Allege Necessary Elements.**

In Washington, plaintiffs can raise a civil claim for malicious prosecution if they have been sued without support only if they can also show that (1) their property has been arrested or seized, and (2) that they suffered a special injury that would not necessarily result in similar suits. *See Gem Trading Co. v. Cudahy Corp.*, 92 Wn.2d 956, 965 (1979). The Defendants have not alleged facts to support either of these elements, and thus the malicious prosecution counterclaims must be dismissed under Fed. R. Civ. P. 12(b)(6).

**2.    O'Brien's Counterclaim for Denial of Health Benefits is Dismissed in Light of His Admitted Statements.**

ORDER – 6

1  O'Brien amended his answer to add a counterclaim for denial of health benefits.
*See* Am. Answer (Dkt. # 108) ¶¶ 114-121. O'Brien contends that while he was employed at Compuvest, he requested that Compuvest add him to its employee benefit plan, but Compuvest refused.

But according to Compuvest, O'Brien was not added to the Compuvest plan because he did not apply to the plan or pay the portion of the premium that covered employees were required to pay. *See* 1st Churilov Decl. ¶¶ 12-14. Compuvest sent O'Brien requests for admission regarding the health-benefits counterclaim in September 2008, and O'Brien never responded. *See* Rapp Decl. (Dkt. # 122) ¶¶ 4-5, Ex. A. The requests for admission include the following statements:

> 1. Compuvest offered to include [O'Brien] in its health insurance plan during [his] employment at Compuvest.
> . . .
> 3. [O'Brien] chose not to enroll in Compuvest's health insurance program during [his] employment with Compuvest.
> . . .
> 9. During the time of [O'Brien's] employment at Compuvest, all participants in the Compuvest health insurance program were required to pay a portion of the cost of coverage.
>
> 10. [O'Brien] refused to pay [his] portion of the premium for health insurance coverage during [his] employment with Compuvest.

Rapp Decl., Ex. A.

O'Brien argues that his claim is valid, but contends that he requires a "knowledgeable attorney to pursue this case and we are not in a position to afford co[u]nsel at this time. We request this issue be separated from this case for further litigation." Defs.' Opp'n (Dkt. # 136) at 1. He has not addressed his failure to respond to Compuvest's requests for admission, or otherwise opposed Compuvest's motion in any substantive way.

ORDER – 7

Because it is undisputed that O'Brien failed to respond to Compuvest's requests for admission within 30 days or at any time after that, the court considers the matters addressed in Compuvest's requests as admitted. *See* Fed. R. Civ. P. 36(a)(3), (b). In light of the admitted statements, the court concludes that there is no factual dispute for trial and Compuvest is entitled to judgment against O'Brien's health-benefits counterclaim.

### IV. CONCLUSION

For the reasons stated above, the court GRANTS IN PART and DENIES IN PART the Plaintiff's motion (Dkt. # 120). The amount of damages incurred as a result of Dolinsky's and O'Brien's breach of duty will be determined at trial.[4]

IT IS SO ORDERED.

DATED this 5TH day of June, 2009.

_Richard A. Jones_

The Honorable Richard A. Jones
United States District Judge

---

[4] Though Compuvest requested injunctive relief, as previously provided in the preliminary injunction order, based on its duty claim, the preliminary injunctive relief was primarily based upon the trade secrets claim, which is not addressed in this motion. Compuvest has provided no authority or analysis of its request for injunctive relief based on the duty claim, and in fact requested money damages based on this claim in the complaint. *See* Complaint (Dkt. # 1) ¶ 94. Thus, the court declines to provide injunctive relief based on the claims before it on this motion.

ORDER – 8